IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                          Criminal No. 3:08CR458

PAUL TILLAGE

## MEMORANDUM OPINION

Paul Tillage, a federal inmate proceeding pro se, submitted this motion and a supporting memorandum under 28 U.S.C. § 2255 to vacate, set aside, or correct his ‚sentence ("§ 2255 Motion"). In his § 2255 Motion, Tillage raises the following claims for relief:

Claim One:    Counsel provided ineffective assistance[1] pretrial by failing to conduct a thorough legal investigation.

Claim Two:    Counsel provided ineffective assistance by failing to "make a factually and legally sufficient [Federal Rule of Criminal Procedure] Rule 29 Motion." (§ 2255 Mot. 6.)[2]

Claim Three:  Counsel provided ineffective assistance by failing to "make a meaningful argument at the suppression/Franks hearing."[3] (Id. at 8.)

---

[1] "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[2] The Court corrects the spelling, punctuation, capitalization, and emphasis in the quotations from Tillage's submissions.

[3] Franks v. Delaware, 438 U.S. 154 (1978).

Claim Four:     Counsel provided ineffective assistance by failing "to make a meaningful Fourth Amendment argument." (Id. at 9.)

Claim Five:     Counsel provided ineffective assistance by failing "to be the Government's adversar[y] by properly preparing for trial." (Mem. Supp. § 2255 Mot. 5.)

Claim Six:      Counsel provided ineffective assistance by failing "to raise jurisdictional elements." (Id.)

The Court subsequently granted Tillage's Motion to Amend, and Tillage added the following claim:

Claim Seven:    Tillage's Indictment was improper.

The Government has responded. Tillage has replied. The matter is ripe for disposition.

## I.   FACTUAL AND PROCEDURAL HISTORY

On October 21, 2008, the grand jury charged Tillage with possession with intent to distribute fifty grams or more of cocaine base (Count One), possession with intent to distribute cocaine (Count Two), possession with intent to distribute marijuana (Count Three), possession with intent to distribute methadone (Count Four), possession of a firearm in furtherance of a drug trafficking crime (Count Five), and maintaining a place for the purpose of manufacturing, distributing, and using controlled substances (Count Six). (Indictment 1-3, ECF No. 1.) Counsel filed a Motion to Suppress the evidence seized during

2

the search of Tillage's hotel room. (Mot. Suppress 1, ECF No. 13.)   Counsel also requested a hearing pursuant to Franks v. Delaware, 438 U.S. 154 (1978).   (Id.)   After hearing argument, the Court denied the Motion to Suppress and the request for a Franks hearing.   (ECF No. 18.)   After a two-day jury trial, on May 19, 2009, a jury found Tillage guilty of Counts One, Two, Three, Four, and Six, and not guilty of Count Five.   The Court sentenced Tillage to a total term of 262 months.   (J. 2, ECF No. 63.)

On appeal, Tillage argued that the Court erred in denying his request for a Franks hearing and challenged his sentence. See United States v. Tillage, 404 F. App'x 722, 723 (4th Cir. 2010).   The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence.   Id. at 725.   On October 3, 2011, the United States Supreme Court denied a petition for a writ of certiorari.   Tillage v. United States, 132 S. Ct. 189 (2011).

## II.   ALLEGED INEFFECTIVE ASSISTANCE

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).   To satisfy the deficient performance

3

prong of Strickland, the convicted defendant must overcome the
"'strong presumption' that counsel's strategy and tactics fall
'within the wide range of reasonable professional assistance.'"
Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting
Strickland, 466 U.S. at 689).  The prejudice component requires
a convicted defendant to "show that there is a reasonable
probability that, but for counsel's unprofessional errors, the
result of the proceeding would have been different.  A
reasonable probability is a probability sufficient to undermine
confidence in the outcome." Strickland, 466 U.S. at 694.  In
analyzing ineffective assistance of counsel claims, it is not
necessary to determine whether counsel performed deficiently if
the claim is readily dismissed for lack of prejudice.  Id. at
697.

   A.  Suppression Hearing

   Claims One through Six derive from Tillage's continued
belief that no probable cause existed for the search of his
hotel room.  Tillage faults counsel for failing to pursue a
variety of meritless challenges to the search and seizure.
Because Tillage's pleadings fail to adequately reflect the
factual basis for the search, and the fact that the search took
place pursuant to a valid search warrant, the Court first
summarizes the evidence.  In the affidavit supporting the search
warrant the officer stated the following:

4

On August 23, 2008 I, Officer Eric Sandlin was at
the Camelot Inn 6619 Midlothian Turnpike.   While on
the second floor at the rear stairwell, I observed a
black male exit Room 27.   The distinct odor of burnt
Marijuana was present when the door was opened.
Officer Johnson asked the black male if that was his
room.   As I walked toward the room the odor of
marijuana continued to get stronger.   As I reached the
room the odor of marijuana was very strong.   The black
male re-entered and tried to shut the door on me.   I
then stopped the door from closing by placing my foot
in the door well.   The black male stopped forcing the
door shut, he then walked out of the room and pushed
Officer Johnson and ran towards Midlothian.   The odor
was still very strong coming from inside the room.
After being detained the black male was identified as
being Paul Tillage.   After further investigation it
was found that room #27 was registered to Paul
Tillage.

(Mot. Suppress Attach. 1, at 3-4, ECF No. 13-1.)   Based on the

foregoing, a state magistrate issued a search warrant for the

hotel room.

In the Motion to Suppress and request for a <u>Franks</u> hearing,

counsel argued that the search warrant affidavit was

insufficient to establish probable cause because Officer Sandlin

"intentionally and recklessly omitted material facts from the

affidavit" (Mot. Suppress 3), including: (1) that the officers

"forced entry into the room and saw no corroborating

evidence . . . of criminal activity;" (2) Officer Johnson never

smelled burnt marijuana; (3) before Tillage exited the room the

officers saw another black male exit the room; (4) the officer

saw a white male in the room prior to chasing Tillage, and (5)

the officers left the room unsecured after chasing Tillage.

(Mot. Suppress 2; see Jan. 16, 2009 Tr. 4-11.)   The Court denied both the request for a Franks hearing and the Motion to Suppress, finding, in part, that "there was sufficient probable cause to justify the issuance of the search warrant since there was reliable evidence that the smell of marijuana was coming from room 27." (Jan. 16, 2009 Tr. 14.)

In affirming, the Fourth Circuit explained that

> The record before this court does not demonstrate that the district court erred in denying Tillage's motion for a Franks hearing. First, Tillage failed to make a substantial preliminary showing that Sandlin omitted material facts knowingly or recklessly, to mislead the magistrate. Further, on consideration of the omitted material, the fact that another officer on the scene did not smell marijuana does not defeat the probable cause established by Sandlin's observations. [United States v. ]Colkley, 899 F.2d [300] at 300-01 [(4th Cir. 1990)]. Accordingly, as the district court did not err in denying the request for a Franks hearing or the motion to suppress, we affirm the district court's denial of relief.

United States v. Tillage, 404 F. App'x 722, 724 (4th Cir. 2010).

B.   Tillage's Claims

In Claim One, Tillage argues that counsel failed "to conduct a thorough legal investigation." (§ 2255 Mot. 5.)   In support of his claim, he alleges that "counsel failed to use supporting evidence and caselaw" and "did not dispel the fact that nervousness is a sufficiently common-indeed natural when confronted by police." (Id. (citation omitted).)   Tillage cites several inapposite cases that he believes counsel should have

raised.[4]   Counsel cannot be faulted for failing to cite cases that have little to no bearing on the circumstances surrounding Tillage's arrest and the search pursuant to a warrant. Moreover, the Court fails to discern how Tillage's purported "nervousness" played any role in the magistrate's finding that probable cause existed for the issuance of the search warrant. As explained above, the warrant issued based on the smell of marijuana emanating from the room, Tillage's attempt to re-enter the room and shut the door on the police officers, and Tillage's subsequent flight from the scene.   Accordingly, counsel was not deficient for failing to raise meritless Fourth Amendment challenges.   Claim One will be dismissed.

In Claim Two, Tillage faults counsel for failing "to make a factually and legally sufficient Rule 29 Motion."   (§ 2255 Mot. 6.)   Tillage provides no argument pertaining to a Motion for Judgment of Acquittal under Federal Rule of Criminal Procedure 29, and instead, complains of counsel's purported deficiency at the suppression hearing.   Tillage suggests that counsel "simply said . . . he had no witness for the Franks hearing" and that "[c]ounsel could have argued that there was no physical evidence

---

[4]   For example, Tillage argues that counsel should have presented the case Johnson v. United States, 333 U.S. 10 (1948) because the case "mirrors" Tillage's case.   Despite Tillage's characterization of Johnson as similar to his circumstances, the Court finds this case inapposite.   In Johnson, the Supreme Court found the warrantless search violated the Fourth Amendment. Johnson, 333 U.S. at 12-17.   Here, Tillage's hotel room was searched pursuant to a valid search warrant.

such as fingerprints, D.N.A. found anywhere th[at] tied
defendant to any of the luggage in which the items were found."
(Id.)

With respect to offering no witness for the Franks hearing,
the Court discerns no deficiency of counsel or resulting
prejudice. After hearing counsel's argument, the Court
determined that the defense failed to make a showing that a
Franks hearing was warranted. (Jan. 16, 2009 Tr. 11-12.) Based
on the Court's ruling, counsel had no opportunity to present
witnesses. Moreover, Tillage fails to identify what witness
counsel should have been prepared to call and fails to proffer
what the witness would have testified to in his favor. See
Sanders v. United States, 373 U.S. 1, 19 (1963) (finding denial
of § 2255 motion appropriate where it "stated only bald legal
conclusions with no supporting factual allegations"); United
States v. Terry, 366 F.3d 312, 316 (4th Cir. 2004) (requiring
that where a petitioner faults counsel for not calling a
witness, the petitioner should provide "concrete evidence of
what [the witness] would have testified to in exculpation").

Tillage also vaguely states that counsel should have moved
to suppress because no physical evidence existed tying him to
the recovered drugs. Tillage provides no supporting argument or
alternative theory about who the drugs belonged to, if not him,
and why they were in his hotel room. Thus, he fails to

demonstrate deficiency of counsel or resulting prejudice based on this conclusory allegation.  Sanders, 373 U.S. at 19. Moreover, Tillage also fails to explain how any argument by counsel about a lack of physical evidence tying Tillage to the drugs would have altered the result of the suppression hearing. The officers observed Tillage leaving the hotel room from which emanated the smell of marijuana.  The officers then observed Tillage re-enter the room and attempt to shut the door.  Tillage then fled from the hotel room and officers caught him.  The hotel room was registered in Tillage's name.  The officers found drugs and paraphernalia throughout the hotel room.  (See ECF No. 15-1, at 1.)  Overwhelming evidence existed that the drugs found in the hotel room that Tillage occupied, belonged to Tillage.  The Court fails to discern any deficiency of counsel or resulting prejudice from counsel's failure to advance this meritless argument.  Claim Two will be dismissed.

In Claim Three, Tillage contends that counsel rendered ineffective assistance by failing "to make a meaningful argument at the suppression/Franks hearing."  (§ 2255 Mot. 8.)  Tillage argues that "[t]he gist of this cases lies within the violation of the Fourth Amendment and the non-existence of and exigency to violate the Fourth Amendment.  Police [were] not in hot pursuit and since defendant was re-entering his room there was no risk of flight."  (§ 2255 Mot. 8.)  Similarly, in Claim Four, Tillage

argues that counsel "failed to make a meaningful Fourth
Amendment argument" about the two entries into his hotel room by
the officers. (Id. at 9.)

In his rambling and repetitive supporting Memorandum,
Tillage cites a series of cases that counsel should have cited
at the suppression hearing to demonstrate that the officers
violated Tillage's Fourth Amendment rights in nearly every facet
of their interaction with Tillage. For example, Tillage claims
that the officers violated the Fourth Amendment by "attempt[ing]
to force his door open, by crossing into the threshold to his
room without a warrant" (Mem. Supp. § 2255 Mot. 12), when "he
tried to re-enter the room they (the officers) created their own
exigency by attempting to ask Tillage some questions about his
living arrangements, knowing full-well they only wanted to get a
look inside the room to check for drugs" (id. at 14), and "the
officers again violated the petitioner's Fourth Amendment rights
by conducting the 'protective sweep' . . . . before applying for
the warrant and was totally unmentioned in the police report or
search warrant affidavit" (id. at 15). Primarily, Tillage
argues that the officers created "exigent circumstances" by
following him to his room and preventing him from shutting the
door, and counsel should have advanced this argument at the
suppression hearing. (See id. at 12-17.)

10

The Court fails to discern, and Tillage fails to provide, on what viable basis counsel could have raised an argument about a lack of exigent circumstances or that the police created any exigency.   Tillage also fails to demonstrate any prejudice from counsel's failure to raise this argument, as it would have had no impact on the result of the suppression hearing.   While exigent circumstances may serve as an exception to the Fourth Amendment's warrant requirement,[5] the officers here did not conduct a warrantless search of Tillage's hotel room.   As discussed previously, the officers obtained a warrant prior to searching the hotel room.   Thus, counsel wisely eschewed raising inapplicable arguments pertaining to a warrantless search. Instead, because the officers conducted a search of the hotel room pursuant to a search warrant, counsel adeptly challenged the validity of the warrant.

In his Motion to Suppress, counsel argued that the search warrant was invalid because the officers "intentionally and recklessly omitted information."   (Mot. Suppress 4.)   Counsel identified many of the factors that Tillage now faults counsel for failing to raise, but did so in the appropriate context of challenging the validity of the warrant.   While counsel did not

---

[5]   The exigent circumstances exception to the warrant requirement, "applies when the exigencies of the situation make the needs of law enforcement so compelling that a warrantless search is objectively reasonable under the Fourth Amendment." Missouri v. McNeely, 133 S. Ct. 1552, 1558 (2013) (citation omitted) (internal quotation marks omitted).

argue that a lack of "exigent circumstances" existed, counsel identified deficiencies with, and omissions from, the affidavit in support of the warrant. Counsel argued that "Officer Sandlin should have informed the magistrate that he entered the room before applying for a search warrant," and that "he saw no evidence of criminal activity when he entered the room." (Mot. Suppress 6.) Counsel concluded that "the search, therefore, violated Mr. Tillage's rights to privac[y] under the Fourth Amendment." (Id.)

In his Reply, counsel also argued that "[u]nbeknownst to the defendant at the time of the initial motion was filed, the officers entered the room **twice** before obtaining the search warrant: first, when confronting the defendant at the room on suspicions of 'trespassing' and, second, when re-entering the room for a 'protective sweep.'" (Reply to Gov't's Resp. 1, ECF No. 16.) Counsel argued that "a protective sweep, under these circumstances, was unlawful." (Id. at 3 n.1.) Counsel concluded that "[t]he government has failed to show in this case that, when considering all of the information omitted from the affidavit for the search warrant, probable cause existed to believe that marijuana would be found in the motel room." (Id. at 6.) After hearing these arguments, the Court denied the motion.

Tillage fails to demonstrate that counsel performed deficiently during the suppression hearing, or any resulting prejudice.   Claims Three and Four lack merit and will be dismissed.

### C.   Trial Claim

In Claim Five, Tillage argues that counsel "fail[ed] to be the Government's adversar[y] by properly preparing for trial." (Mem. Supp. § 2255 Mot. 5.)   Tillage directs the Court to no supporting argument for his conclusory allegation.   For this reason alone, he fails to state a claim for habeas relief.   See Sanders, 373 U.S. at 19.   To the extent he faults counsel for failing to raise certain Fourth Amendment challenges to his search and seizure during trial, the Court determined that these arguments lacked merit during the pre-trial suppression hearing. Tillage fails to identify, and the Court fails to discern, any lack of preparation by counsel.   Claim Five will be dismissed.

### D.   Jurisdictional Elements

In Claim Six, Tillage faults counsel for failing "to raise jurisdictional elements."   (Mem. Supp. § 2255 Mot. 5.)   In support of this argument, Tillage states:   "Primary and sole jurisdiction must be with Richmond Va; Not under federal jurisdiction."   (Id. at 18.)   Tillage suggests that "the alleged defect in the indictment would strip the court of its statutory or constitutional power to hear the case."   (Id.)   Tillage

identifies no jurisdictional error or a defect in the
indictment. Thus, he demonstrates no deficiency of counsel or
resulting prejudice. Claim Five will be dismissed.[6]

### III. INSUFFICIENT INDICTMENT

In Claim Seven, Tillage moves to dismiss the indictment due
to alleged insufficiencies. The procedural default rule bars
Claim Seven from review here, absent a showing of cause and
prejudice or actual innocence, because Tillage could have
raised, but did not raise, this claim on direct appeal. Bousley
v. United States, 523 U.S. 614, 622-23 (1998); United States v.
Frady, 456 U.S. 152, 167-68 (1982). Tillage fails to show cause
and prejudice or actual innocence. Claim Seven will be
dismissed.

---

[6] Within the same discussion of purported jurisdictional
flaws, Tillage states that he is actually innocent because his
"conviction in federal court has resulted from constitutional
violations." (Mem. Supp. § 2255 Mot. 18-19.) To the extent
that Tillage even raises a separate claim of actual innocence,
and that a freestanding claim of actual innocence is cognizable
in § 2255, see Royal v. Taylor, 188 F.3d 239, 243 (4th Cir.
1999), his claim is meritless.
For a claim of actual innocence to survive, Tillage must
demonstrate "factual innocence, not mere legal insufficiency" of
his conviction. Bousley v. United States, 523 U.S. 614, 623-24
(1998) (citation omitted); see United States v. Mikalajunas, 186
F.3d 490, 494 (4th Cir. 1992) (indicating that a petitioner must
establish "actual factual innocence"). In support of his claim
of innocence, Tillage repeats his meritless Fourth Amendment and
Sixth Amendment arguments, and thus, argues nothing more than
the legal insufficiency of his convictions. Tillage fails to
demonstrate "actual factual innocence." Mikalajunas, 186 F.3d
at 494.

14

## IV.   CONCLUSION

For the foregoing reasons, Tillage's claims will be dismissed.   Tillage's § 2255 Motion (ECF No. 82) will be denied and the action will be dismissed.   A certificate of appealability ("COA") will be denied.[7]

The Clerk is directed to send a copy of this Memorandum Opinion to Tillage and counsel of record.

It is so ordered.

_____ /s/    REP_____

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: *May 8, 2015*

---

[7] An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a COA.   28 U.S.C. § 2253(c)(1)(B).   A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).   The requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 & n.4 (1983)).   Tillage fails to satisfy this requirement.